[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the defendant, Board of Police Commissioners of the town of Newtown (board), dismissing the plaintiff, James B. Lysaght, Jr., from his position as the Newtown Chief of Police. The plaintiff has raised both procedural and substantive issues concerning his dismissal. For the reasons stated below, the appeal is dismissed.
The following facts and procedural history are relevant to this appeal. On July 14, 1996, the board appointed the plaintiff, Chief of Police of the town of Newtown. On August 17, 1999, the board, in accordance with General Statutes § 7-278,[1] provided the plaintiff with a "Notice of Grounds for Dismissal," setting forth in writing the specific grounds for the plaintiff's dismissal as chief of the police. The specific grounds for dismissal stated in the "Notice of Grounds for Dismissal" are as follows:
 (1) Failure to receive a satisfactory evaluation for two consecutive periodic evaluations (See Rules and Regulations of the Newtown Department of police Services (the "Rules and Regulations"), Section 18.022.D); (2) Receipt of an aggregate of three unsatisfactory evaluations during any three-year period (See Rules and Regulations, Section 18.022.E); (3) Violation of or failure to adhere to the Rules and Regulations (See Rules and Regulations, Section 18.022.A); (4) Violation of or failure to comply with any lawful order of the Board (See Rules and CT Page 5194 Regulations, Section 18.022.C); (5) Violation of reasonable and ordinary standards of good conduct. (See Rules and Regulations, Section 18.022.H, 18.023.D, E, K, N, T, X, and CC.)
(ROR, Item F, p. 1.)[2]
Thereafter, the plaintiff requested a hearing pursuant to §7-278,[3] and moved that the board recuse itself as he had subpoenaed the members of the board to testify as witnesses at the hearing. By a written agreement dated September 20, 1999, the parties resolved all issues relating to the § 7-278 hearing by agreeing to conduct the testimonial and evidentiary portion of the hearing before an arbitrator selected in accordance with the Voluntary Labor Arbitration Rules of the American Arbitration Association. Pursuant to the agreement, the board, in reaching its decision, would be bound by the arbitrator's findings of fact but not his recommendations. The agreement provided, in relevant part, the following:
 Whereas, the parties wish to mutually agree upon a procedure for the provision of the hearing opportunity specified in § 7-278;
 Now, therefore, the parties agree to the following procedure:
* * *
 3. The arbitrator shall hold hearings and make findings of fact and recommendations to the Commission regarding the grounds for dismissal specified in the August 17, 1999 notice.
 4. In deciding on the Chiefs dismissal, the Commission will be bound by the arbitrator's findings of fact, but not by his/her recommendations.
* * *
 7. The parties voluntarily and with the advice of counsel do hereby agree that the above-referenced procedure is appropriate for the provision to the Chief of an opportunity for hearing as provided under Section 7-278.
(ROR, Item E.) CT Page 5195
The testimonial and evidentiary portion of the § 7-278 hearing took place on December 13, 17, 20 and 22, 1999. At the hearings, the town's counsel presented evidence in connection with the various grounds for dismissal. (ROR, Items M1-M4.) The plaintiff and his counsel were present throughout the hearings and had the opportunity to cross-examine all the town's witnesses. (ROR, Items M1-M4.) The plaintiff also presented over fifty exhibits, called witnesses to testify on his behalf, and testified extensively himself. (ROR, Items M1-M4.) All witnesses testified under oath and the evidence and all other matters heard by the arbitrator were recorded and transcribed. (ROR, Items M1-M4.)
After receiving proposed findings of fact and recommended rulings from the parties, which contained detailed cites to the hearing transcripts and hearing exhibits, the arbitrator, Albert G. Murphy, on February 18, 2000, filed a 32 page report containing his findings of fact and recommendations. (ROR, Item B.) In his report, the arbitrator made 147 findings of fact, including, inter alia, that the plaintiff knowingly lied to Newtown's First Selectman, Herbert Rosenthal, that the plaintiff willfully failed to follow directives that he admittedly received from the board, and that "nothing got done for, literally, years" on two high priority tasks assigned to the plaintiff. (ROR, Item B.) Based on his findings, the arbitrator reluctantly concluded that "on the record, just cause exists for the termination of the Chiefs contract." (ROR, Item B, p. 32.)
On March 3, 2000, the board, pursuant to the September 20, 1999 agreement between the parties, held a special meeting to consider and act upon the arbitrator's findings in accordance with the procedure agreed to by the parties. At the special meeting, counsel for Newtown introduced, without objection by the plaintiff, the following documents as exhibits: (1) the "Notice of Grounds For Dismissal," (2) the "Demand for Arbitration" and the "Memorandum of Agreement," (3) the arbitrator's "Findings of Fact and Recommendations," and (4) the notice of the Board of Police Commissioners Special Meeting. (ROR, Item D, p. 9.)
The plaintiff was also given an opportunity to present any additional evidence that he wanted the board to consider as it made its decision regarding his dismissal. Plaintiff's counsel offered the following: "The only thing I would add for the record, and I am not asking that they be marked as exhibits this evening, is that on February 23rd of this year I did submit a written request for articulation to the Arbitrator concerning which just cause definition he relied on, the one in the contract or the one under Section 7-278. The Town filed an objection. The Arbitrator has not acted on my request for articulation, but that is really something before him rather than something before this Board." CT Page 5196 (ROR, Item D, p. 4.) Board Chairman, James P. Reilly, then inquired whether the plaintiff or his counsel had "anything further to offer the Board at this time." (ROR, Item D, p. 5.) Plaintiff's counsel declined to present anything further, stating: "No. I presume that all members of the Board have read the arbitrator's award, that you have made up your minds, and that you will act accordingly." (ROR, Item D, p. 5.)
Each member of the board then confirmed that he or she received a copy of the arbitrator's findings on February 25, 2000, had time to read and review the findings, and was prepared to consider the proposed dismissal of the plaintiff. (ROR, Item D, p. 5.) After deliberating, the board voted unanimously to dismiss the plaintiff pursuant to General Statutes § 7-278 effective on March 3, 2000. (ROR, Item D, p. 6.) The board's final decision was summarized in a memorandum of decision.
The plaintiff now appeals from the board's decision to the Superior Court pursuant to General Statutes § 7-278. In his complaint dated March 28, 2000, the plaintiff sets forth the following grounds for his appeal: (1) The arbitrator acted arbitrarily and abused his discretion in concluding in his report that just cause existed to terminate the plaintiff; and (2) The board, in dismissing the plaintiff, acted arbitrarily, capriciously, in the abuse of its discretion, with bad faith, malice, and without just cause by failing to provide the plaintiff with an opportunity to address the arbitrator's findings of fact and recommendations prior to its voting to terminate him, by failing to address the arbitrator's recommendation that the parties attempt to re-establish a relationship reinstating the plaintiff, and "by accepting the arbitrator's Findings of Fact which fail to establish just cause for termination." On November 20, 2000, the court held a hearing in accordance with § 7-278.[4]
Initially, the court notes that the plaintiff has failed to address in his brief the issues of the board's alleged failure to provide the plaintiff with an opportunity to address the arbitrator's findings of fact and recommendations prior to its voting to terminate him, and the board's alleged failure to address the arbitrator's recommendation that the parties attempt to re-establish a relationship reinstating the plaintiff. Therefore, the court will not review the merits of these two issues. This court is "not required to review issues that have been improperly presented to [it] through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Citations omitted; internal quotation marks omitted.) Merchant v. State Ethics Commission,
CT Page 519753 Conn. App. 808, 818, 733 A.2d 287 (1999); see also Pie Plate, Inc. v.Texaco, Inc., 35 Conn. App. 305, 315, 645 A.2d 1044 (1994) ("[c]laims mentioned but not adequately briefed are deemed abandoned.").
Furthermore, even if the plaintiff adequately briefed these issues, a review of the record indicates that the plaintiff's assertions are without merit. As to the first issue, the record reveals that at the special hearing before the board, the plaintiff's counsel was specifically asked whether he or the plaintiff had anything further to submit to the board before it made its decision. (ROR, Item D, p. 5.) The plaintiff's counsel said, "No. I presume that all members of the Board have read the arbitrator's award, that you have made up your minds, and that you will act accordingly." Id. As to the second issue, under the terms of the arbitration agreement between the parties, the board was not bound by the arbitrator's recommendations, and, therefore, the board was not required to address the arbitrator's recommendations as it made its decision on whether to dismiss the plaintiff.
Accordingly, the court limits its review to the following issues which are raised and briefed in the plaintiff's memorandum of law in support of his appeal: (1) The arbitrator acted arbitrarily and abused his discretion in concluding in his report that just cause existed to terminate the plaintiff; and (2) The board, in dismissing the plaintiff, acted arbitrarily, capriciously, in the abuse of its discretion, with bad faith, malice, and without just cause "by accepting the arbitrator's Findings of Fact which fail to establish just cause for termination." (Plaintiff's Complaint, ¶ 10.)
The function of the court in considering an appeal of the dismissal of a police chief is proscribed by § 7-278 as follows: "The court, upon such appeal, and after a hearing thereon, may affirm the action of such authority, or may set the same aside if it finds that such authority acted illegally or arbitrarily, or in the abuse of its discretion, with bad faith, malice, or without just cause."
"The cases setting forth the limited nature of the review by the court of administrative actions are many and are consistent in that regard. . . . The court does not retry the case, determine facts, or pass on the credibility of the witnesses. Arterburn Convalescent Home, Inc. v.Committee on State Payments to Hospitals, 176 Conn. 82, 86, 405 A.2d 48,50 (1978); Calandro v. Zoning Commission, 176 Conn. 439, 440, 408 A.2d 229,230 (1979). The review by this court consists of an examination of the record, and if the decision of the Board is reasonably supported by the record then this court must sustain that decision. Hansen v. Norton,172 Conn. 292, 294, 374 A.2d 230, 231 (1977); Madow v. Muzio,176 Conn. 374, 376, 407 A.2d 997, 997 (1978). Whether this court would CT Page 5198 have reached the same decision as did the Board is of no consequence. The issue is whether the decision of the Board is supported by the record.Williams v. Liquor Control Commission, 175 Conn. 409, 414, 399 A.2d 834,836 (1978). The court may not substitute its judgment for that of the Board. Wade v. Town Plan Zoning Commission, 145 Conn. 592, 595,145 A.2d 597 (1958)." Anziano v. Board of Police Commissioners, Superior Court, judicial district of New Haven at New Haven, Docket No. 336221 (November 5, 1993, Hadden, J.), aff'd, 229 Conn. 703, 643 A.2d 865
(1994). The burden of showing that the board acted improperly rests on the plaintiff. Molino v. Board of Public Safety, 154 Conn. 368, 375,225 A.2d 805 (1966); Riley v. Board of Police Commissioners, 147 Conn. 113,118, 157 A.2d 590 (1960).
The plaintiff's first claim is that the arbitrator acted arbitrarily and abused his discretion in concluding in his report that just cause existed to terminate the plaintiff. (Plaintiff's Complaint, ¶ 9.) This claim is misplaced because the determination of whether just cause existed to terminate the plaintiff was not made by the arbitrator, but by the board. Under the terms of the parties' arbitration agreement, the board was bound by the arbitrator's findings of fact, but not by any of his recommendations. (ROR, Item E.) Although the arbitrator did conclude that there was just cause to terminate the plaintiff, that conclusion was merely a recommendation and not binding on the board. The board, pursuant to § 7-278, clearly made its own decision on the question of whether just cause existed to terminate the plaintiff. Therefore, it is the board's decision that is at issue, and not the arbitrator's non-binding recommendations. It is important to note that the plaintiff does not claim that the arbitrator acted arbitrarily and abused his discretion in making his findings of fact nor does he dispute the adequacy of the evidence supporting these findings.
The plaintiff's second claim is that the board, in dismissing the plaintiff, acted arbitrarily, capriciously, in the abuse of its discretion, with bad faith, malice, and without just cause "by accepting the arbitrator's Findings of Fact which fail to establish just cause for termination." (Emphasis added.) (Plaintiff's Complaint, ¶ 10.) Read literally, this claim is without merit because, under the terms of the parties' arbitration agreement, the board was required to accept the arbitrator's findings of fact, and, hence, it is unreasonable for the plaintiff to now claim that the board acted improperly by accepting the arbitrator's findings of fact. The court, however, will read the claim broadly and address what appears to be the heart of the plaintiff's appeal: that the board failed to make the showing of just cause for the plaintiff's dismissal as required by § 7-278.
Section 7-278 provides that a police chief may not be dismissed unless CT Page 5199 there is a showing of "just cause" for such dismissal.[5] Although the statute does not define just cause, the Connecticut Supreme Court, in the context of the dismissal of police and fire department personnel, has interpreted just cause as "a reasonable ground for removal as distinguished from a frivolous or incompetent ground." Cassella v. CivilService Commission, 202 Conn. 28, 37, 519 A.2d 67 (1987), citing Molinov. Board of Public Safety, supra, 154 Conn. 374-75; Riley v. Board ofPolice Commissioners, supra, 147 Conn. 118.[6] Similarly, in the context of employment termination in general, the Supreme Court has stated that "`[j]ust cause' substantially limits employer discretion to terminate, by requiring the employer, in all instances, to proffer a proper reason for dismissal, by forbidding the employer to act arbitrarily or capriciously." Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,475, 427 A.2d 385 (1980).
In its final decision, the board determined that just cause existed to dismiss the plaintiff based on the arbitrator's findings of fact, which the board incorporated by reference into its decision. The board specified the following eight deficiencies in the plaintiff's performance of his duties as police chief which, in its opinion, warranted the plaintiff's dismissal:
 1. Mr. Lysaght's refusal to delegate authority created significant delay in the major Department projects of communications tower construction and upgrading the Department's computer system, even after employment evaluations had advised him of the necessity to increase delegation of responsibilities. See Exhibit 3 Findings of Fact 12, 13, 20-22, 48-70a and 71-92.
 2. Mr. Lysaght was insubordinate by deliberately misrepresenting to the Town's First Selectman the Board's position on the appointment of an acting sergeant. See Exhibit 3 Findings of Fact 118-124.
 3. Mr. Lysaght misrepresented to the Board his knowledge of problems associated with the installation of laptop computers in the Town's police cruisers by claiming that information available to him for nine months had only been "recently" discovered. See Exhibit 3 Findings of Fact 78-92.
 4. Mr. Lysaght improperly failed to develop a training plan for officers of the Department after being told to do so by the Board. See Exhibit 3 Findings of Fact 25-47. CT Page 5200
 5. Mr. Lysaght failed to comply with the Board's directive to develop and implement a manpower schedule to provide at least four (4) patrol officers per shift. See Exhibit 3 Findings of Fact 93-107.
 6. Mr. Lysaght failed to advise the Board, after being so ordered to do so, of the initiation of internal affairs investigations. See Exhibit 3 Findings of Fact 108-115.
 7. Mr. Lysaght failed to accurately advise the Board of the Department's participation in the State Wide Narcotics Task Force. See Exhibit 3 Findings of Fact 116-117.
 8. Mr. Lysaght incorrectly advised the Board of the psychological assessments performed on candidates for police officer positions resulting in the hiring of two candidates with negative psychological assessments and concealed this mistake from the Board after learning of it. See Exhibit 3 Findings of Fact 132-38.
(ROR, Item A, pp. 2-3.)
The board concluded its decision by stating the following:
 The Findings as summarized above indicate that Mr. Lysaght failed to achieve appropriate progress on major Department projects, was insubordinate to and misrepresented or withheld information from the Board, failed to comply with directives from the Board, and generally failed to appropriately communicate with the Board. Even though these problems were addressed in successive Board evaluations of Mr. Lysaght's performance, Mr. Lysaght failed to conform his behavior and performance to that specified by his employer, the Board. As a result, Mr. Lysaght received three (3) consecutive unsatisfactory evaluations. . . . [Therefore] in the opinion of the Board . . . Mr. Lysaght, even after repeated intervention and direction by the Board, acted in an inefficient, incompetent and insubordinate manner that constitutes just cause, in conformance with Section 7-278, for the termination of his employment as Chief of Police of CT Page 5201 the Department.
(ROR, Item A, p. 4.)
The plaintiff asserts that "[a]n examination of the entire record, and the Arbitrator's Report establishes that the defendant Board failed to prove there was just cause to terminate the plaintiff." (Plaintiff's Memorandum, p. 8). In his memorandum, the plaintiff directs his argument toward the ten specific instances of misconduct cited by the board in its initial notice of the grounds for dismissal rather than addressing the specific grounds on which the board actually based its decision. The court will consider the plaintiff's arguments to the extent that they relate to the board's final decision to terminate the plaintiff.
To support his claim, the plaintiff engages in a cursory discussion of the arbitrator's findings of fact on each of the specific instances of misconduct cited by the board in its grounds for dismissal. It is not necessary for the court to state all the plaintiff's arguments and the facts for and against each one. In reviewing the record, there can be no doubt that the plaintiff violated a number of the department's Rules and Regulations and that the board was dissatisfied with the plaintiff's performance as police chief. However, any violation of the Rules and Regulations or dissatisfaction with the plaintiff's performance cited by the board to justify the plaintiff's termination must be read in the light of the statutory requirement of just cause.
It is important to note that this is not a case where the plaintiff was charged with committing criminal or illegal acts. Indeed, the arbitrator, calling the plaintiff "a competent, energetic, and enthusiastic police officer," only reluctantly recommended that just cause existed to terminate the plaintiff. Nevertheless, it was the board's responsibility to decide whether termination was justified on the record and "wide discretion must be lodged in the board in determining what conduct on the part of members of the force is injurious to the efficiency of the department." Riley v. Board of Police Commissioners,
supra, 147 Conn. 118.
The court has considered all of the claims advanced by the plaintiff and they are not persuasive. The decision by the board was fully supported by the evidence, and the board did not act illegally, arbitrarily, in abuse of its discretion, or with bad faith or malice. The board had just cause, based on the record, to dismiss Lysaght from his position of Chief of Police of Newtown in accordance with the provisions of § 7-278.
The appeal is dismissed. CT Page 5202
Holden, J.